IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA RIVERS, | ) |
| Plaintiff, | ) Case No. 1:07-CV-134-BLW |
| vs. | ) **ORDER** |
| M. HAUKEBA, et al., | ) |
| Defendants. | ) |

Pending before the Court are the following motions: Defendants' Motion to Dismiss (Docket No. 14); Plaintiff's Motion to Include the County of Fresno as a Defendant (Docket No. 16); Plaintiff's Motion to Directly Name Fresno County as a Defendant (Docket No. 18); and Plaintiff's Motion for a Protective Order (Docket No. 27). Having fully reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## BACKGROUND

**A.  Factual Allegations**

Plaintiff is proceeding pro se and in forma pauperis. Plaintiff alleges that on August 19, 2006, as an inmate in the Fresno County Jail, she attempted to change the television channel in the inmates' common area. Plaintiff states that other inmates became angry with Plaintiff for this action, and the dispute escalated to the point that the

**ORDER  1**

inmates were placed back in their cells in lockdown. Plaintiff alleges that one inmate, Inmate Mananahn, whose cell was near Plaintiff's, began yelling threats and racial slurs against Plaintiff. Defendant Officer Haukeba[1] arrived on the scene and went to Inmate Mananahn's cell. Plaintiff alleges that Inmate Mananahn continued to threaten Plaintiff, stating she was going to "whip her ass." Complaint (Docket No. 1) at 7. Plaintiff asserts that Defendant Haukeba then told Inmate Mananahn, "Well, whip her ass when the cells unlock." *Id.* When the cells were unlocked, Inmate Mananahn went to Plaintiff's cell and continued to threaten her. Plaintiff states she feared for and begged for her life. Inmate Mananahn finally left, stating that the incident was "not over." *Id.* at 8.

Plaintiff alleges that she has suffered severe mental distress as a result of this incident. She states that she also has physical symptoms, including body tremors and vomiting. Plaintiff seeks money damages and injunctive relief and sues Officer Haukeba and the Fresno County Sheriff's Department.

**B.      Bankruptcy Proceeding**

After the filing of Plaintiff's Complaint, Defendant Haukeba filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of California. As a result of that filing, this action was stayed. However, on October 20, 2008, the bankruptcy court modified the automatic stay to allow Plaintiff's case against Defendant Haukeba to proceed. *See* Notice of Bankruptcy Court's Order (Docket No.

---

[1] This Defendant is also referred to in the record as Officer "Huckeba."

**ORDER  2**

29), Exhibit A.

## DEFENDANTS' MOTION TO DISMISS

**A.     Standard of Law**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965.  Factual allegations must be enough "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.  The Supreme Court explained that

> [a]sking for plausible grounds to infer [a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

*Id.*  Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

**ORDER  3**

Additionally, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007). The underlying requirement is that a complaint must give fair notice of the claim being asserted and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). Therefore, a complaint should not be dismissed if the facts support any valid legal theory. *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985).

The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether Plaintiff will prevail, but whether she "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

In addition, because Plaintiff is proceeding in forma pauperis, Title 28 U.S.C. § 1915(e)(2) requires the Court sua sponte to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." A pro se pleading may be dismissed without notice of the deficiencies and an opportunity to amend if a complaint "lacks merit entirely" and cannot be saved by amendment. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

**ORDER 4**

Plaintiff brings her claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B.     Defendant's Motion to Dismiss Will Be Granted.**

Plaintiff's Complaint is based on Defendant Haukeba's statement to Inmate Mananahn to "whip [Plaintiff's] ass when the cells unlock." Complaint (Docket No. 1) at 7. Such a statement, if true, reflects poor judgment and a lack of professionalism. But, where there are no allegations that the statement resulted in Mananahn physically assaulting the plaintiff, it does not rise to the level of a constitutional violation. Verbal abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); *Freeman v. Arpaio*, 125 F.3d 732 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic background not actionable). Plaintiff's allegations of mental suffering, body tremors, and vomiting do not save the claim from dismissal, as "an institutional employee's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty interest." *McClellan v. Bassett*, 2006 WL 2079371

**ORDER 5**

(D.Va. 2006). Therefore, Plaintiff's claims will be dismissed.

### C. Plaintiff Will Not Be Granted Leave to Amend Her Complaint.

The only action of which Plaintiff complains is Defendant Haukeba's alleged statement to Inmate Mananahn. As explained above, this statement is not actionable under § 1983. Plaintiff has not alleged any other action on the part of either Defendant that could serve as the basis for a § 1983 claim. Plaintiff's Complaint "lacks merit entirely" and cannot be saved by amendment. Lopez, 203 F.3d at 1129. Therefore, the Court will dismiss the Complaint with prejudice.

## PLAINTIFF'S MOTIONS TO ADD FRESNO COUNTY AS A DEFENDANT

Plaintiff has filed two motions seeking to name Fresno County as a Defendant in this action. However, because Plaintiff has failed to allege a violation of her constitutional rights, the Court will deny Plaintiff's Motions.

## PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Plaintiff has also filed a motion seeking an order enjoining Officer Huckeba from having any contact with Plaintiff or her family. Based on the dismissal of Plaintiff's Complaint, Plaintiff's Motion for a Protective Order will be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 14) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Include the

**ORDER  6**

County of Fresno as a Defendant (Docket No. 16) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Directly Name Fresno County as a Defendant (Docket No. 18) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for a Protective Order (Docket No. 27) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Complaint (Docket No. 1) is DISMISSED with prejudice.

DATED: **March 27, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge